IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVEN L. FARRIS                                                                                              PLAINTIFF

V.                                      NO. 4:18CV00392 DPM/PSH

SOCIAL SECURITY ADMINISTRATION                                                     DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

I.  **Introduction**:

Plaintiff, Steven L. Farris, applied for disability benefits on February 18, 2015, alleging a disability onset date of February 4, 2011.[1] (Tr. at 11). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mr. Farris's claim. (Tr. at 22). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Farris has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

II. **The Commissioner's Decision**:

The ALJ found that Mr. Farris had not engaged in substantial gainful activity since the

---

[1] He amended his onset date to February 18, 2015. *Id*.

amended alleged onset date of February 18, 2015. (Tr. at 13). At Step Two of the sequential five-step analysis, the ALJ found that Mr. Farris had the following severe impairments: history of myocardial infarction; heart palpitations; a hernia repair; removal of appendix, gall bladder, and spleen, and one third of stomach; degenerative disc disease; diabetes mellitus; and obesity. *Id*.

The ALJ found that Mr. Farris's impairment did not meet or equal a listed impairment. (Tr. at 14). Before proceeding to Step Four, the ALJ determined that Mr. Farris had the residual functional capacity ("RFC") to perform work at the light level, but reaching and handling were limited to frequently, or two thirds of the day. (Tr. at 16).

The ALJ next found that Mr. Farris was unable to perform his past relevant work. (Tr. at 19). The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Mr. Farris's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 21). Therefore, the ALJ found that Mr. Farris was not disabled. *Id*.

### III. Discussion:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take

into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B. Mr. Farris's Arguments on Appeal

Mr. Farris contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ did not consider all of his impairments in combination, that the ALJ did not conduct an adequate credibility analysis, and that the RFC did not fully incorporate his limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Mr. Farris submitted a great number of records dated before the relevant time-period, which are not pertinent to this case. Mr. Farris was seen in February 2015 for inguinal hernia, coronary atherosclerosis, and hyperlipidemia. (Tr. at 874). In June 2015, he presented with fatigue and shortness of breath. (Tr. at 887). He was prescribed Tramadol and a colonoscopy was ordered. *Id*. The colonoscopy revealed colonic spasm and hemorrhoids. (Tr. at 912). Mr. Farris was diagnosed with diabetes mellitus in August 2015, and he was prescribed Victoza injections.[2] (Tr. at 936). Mr.

---

[2] Mr. Farris admitted later than he was not checking his blood sugars and had stopped medication. (Tr. at 1194-1197).

Farris reported to his cardiologist that he was feeling well in November 2015, and he was taking nitroglycerin every 1-2 months. (Tr. at 962).

Mr. Farris underwent surgery for a hernia and abdominal pain in February 2016. (Tr. at 983-999). His doctor used mesh to repair the herniated area. *Id*. He contracted an infection post-surgery, which was drained; he was stable upon discharge from the hospital. (Tr. at 985). An abdominal CT scan in June 2016 showed a stable hernia with no evidence of bowel obstruction. (Tr. at 1013). A CT scan in March 2017 revealed pancreatitis, interparietal hernia, renal cortical cyst, left lumbar spondylosis, and fatty liver. (Tr. at 105-106).

Mr. Farris had x-rays of the lumbar spine in May 2016 which showed mild degenerative changes. (Tr. at 970). An MRI of the lumbar spine in June 2016 showed mild foraminal narrowing related to facet arthropathy. (Tr. at 1002). A whole-body nuclear bone scan in June 2016 showed mild bony degenerative change in the lumbar spine. (Tr. at 1003). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). X-rays in September 2016 revealed lumbar spondylosis. (Tr. at 1016).

Mr. Farris had right inguinal pain and reduced range of motion in his lumbar spine in July 2016. (Tr. at 1066-1067). A straight leg raise was positive on the right. *Id*. He had several injections and an ilioinguinal nerve block for his pain. (1047-1054). He underwent 11 chiropractic treatments. (Tr. at 1075).

Mr. Farris argues that the ALJ did not consider all of his impairments in combination. The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 456 F.3d 890, 894 (8th Cir. 2006). While Mr. Farris cited to a whole host of diagnoses in his brief, a diagnosis alone does not infer

4

disability; there must be a functional loss establishing the inability to engage in substantial gainful activity. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). The ALJ questioned Mr. Farris about his impairments. (Tr. at 107-133). He discussed the relevant medical records. He noted mild objective testing and conservative treatment. He did find several impairments to be severe, discounting the diagnoses that did not seriously limit Mr. Farris at Steps Two and Three. (Tr. at 13-17). And while Mr. Farris argues that the ALJ did not consider his obesity, in fact, the ALJ discussed obesity at Step Three. (Tr. at 16). He also questioned Mr. Farris about his weight. (Tr. at 118). He found obesity to be a severe impairment. (Tr. at 13). And he noted weight loss over the relevant time period. (Tr. at 18). Moreover, clinical examinations did not show that obesity significantly limited Mr. Farris. The ALJ fulfilled his duty to review the impairments in combination at Step Two.

Mr. Farris next argues that the ALJ did not properly evaluate his credibility. Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The ALJ must still give consideration to all of the evidence presented relating to subjective complaints, including: 1) prior work record; 2) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

Mr. Farris said he could do things like cook for himself, shop in stores, get outside each day, and do simple chores. (Tr. at 333-337). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). The ALJ discussed mild objective findings, conservative treatment, and Mr. Farris' noncompliance with treatment. (Tr. at 19). The ALJ stated that consideration was given to Mr. Farris' prior work history and the observations of non-medical third parties. (Tr. at 17). There were no functional restrictions placed on Mr. Farris by his doctors. And Mr. Farris reported no side effects from medication. (Tr. at 129). The ALJ concluded that the medical evidence did not support Mr. Farris' allegations of significant pain. The ALJ's analysis of subjective complaints was sufficient.

The ALJ found Mr. Farris capable of light work. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996. As discussed above, objective findings were mild. Treatment was conservative. Mr. Farris could perform routine activities of daily living. Accordingly, the RFC fully incorporated Mr. Farris' limitations.

## VI. <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision that Mr. Farris was not disabled. The ALJ properly considered all of the impairments, he adequately assessed subjective complaints, and the RFC properly incorporated all of Mr. Farris's limitations. The

decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 29th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE